United States District Court
Eastern District of Michigan

United States of America,

      Plaintiff,

                                  Hon. Shalina D. Kumar

v.

                                  Case No. 22-cr-20460

Kevin Shawn Robertson,

      Defendant.

                                 /

# Plea Agreement

The United States of America and the defendant, Kevin Robertson, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Count of Conviction

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with making a false statement during the purchase of a firearm contrary to 18 U.S.C. § 922(a)(6).

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

## 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4. Elements of Count of Conviction

The elements of Count 1 are:

1. That the defendant knowingly made a false oral or written statement to a federally licensed firearms dealer; and

2. That the false statement was made in connection with the acquisition or attempted acquisition or a firearm; and

3. The statement was intended to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On November 13, 2021, defendant purchased two pistols from a federal firearms license (FFL) holder, *Guns Galore Inc.,* in Fenton, Michigan.  During the purchase, the defendant completed an ATF Form 4473, which is required to be completed when a person proposes to purchase a firearm from an FFL.  As part of the form, the buyer certifies that they are purchasing the firearm for themselves. Additionally, the form contains a section where the purchaser must certify via their signature that the answers provided on the form are true, correct, and complete.  Four days after purchasing the firearms, the defendant transferred the firearms to two individuals under the age of 21 who were not eligible to purchase the firearms from an FFL holder due to their age.  When defendant purchased the two firearms from the FFL holder *Guns Galore, Inc.,* on November 13, 2021, he was actually purchasing the firearms for the individuals who were under 21 and he knowingly made a false written statement on the ATF form 4473,

specifically that the firearms were being purchased for himself. The statement was made in connection with the acquisition of the two firearms and the false statement was intended to deceive the FFL holder with respect to a fact material to the lawfulness of the sale of the firearms to the defendant.

In total, the defendant purchased a total of six firearms from FFL holders on behalf of two individuals under 21 years of age.

## 6.   Advice of Rights

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.      The right to confront and cross-examine adverse witnesses at trial;

F.      The right to testify or not to testify at trial, whichever the defendant chooses;

G.      If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.      The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.      The right to compel the attendance of witnesses at trial.

## 7.    Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility

under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his or his co-defendant's guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

That pursuant to USSG §2K2.1(a)(7), a base offense level of 12 is appropriate.

That the offense involved 3-7 firearms and therefore a two-level enhancement pursuant to USSG §2K2.1(b)(1)(B) is appropriate.

### D.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 5, 8.B., and 8.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 5, 8.B, and 8.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**Page 8 of 15**

**9.     Imposition of Sentence**

**A.     Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

**B.     Imprisonment**

**1.     Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence on Count 1 not exceed the middle of the guideline range as determined by the Court.

**2.     No Right to Withdraw**

The parties' recommendation in paragraph 9.B.1. is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the recommendation. If, however, the Court rejects or purports

to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Court impose a two-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds.  The defendant also waives any right he may have to appeal his sentence on any grounds, except that if the defendant's sentence of imprisonment exceeds the top of the sentencing guidelines as determined by the Court.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any

statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.  Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15.  Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 pm on February 14, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

DAWN N. ISON
United States Attorney

Anthony P. Vance
Chief, Branch Offices
Assistant United States Attorney

Timothy M. Turkelson
Assistant United States Attorney

Dated: 2/03/23

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his counsel. The defendant further agrees that he understands this entire document, agrees to its terms, has had all

Page **14** of **15**

of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Bryan Sherer
Attorney for Defendant

Dated: 2-9-2023

_____
Kevin Robertson
Defendant

02-09-2023